UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

ONAI KEDAR WILBERT WRIGHT

CRIMINAL NO. 3:25-cr-00181 (SVN)

June 30, 2026

**MOTION TO PERMIT FBI DIGITAL FORENSIC EXAMINERS TO TESTIFY AS LAY WITNESSES**

During the trial, the Government expects to call the digital forensic examiners Justin Lazenby and Alexander Ercolani to testify. Although they are certified forensic examiners, their anticipated trial testimony is not expert testimony that falls under Rule 702 of the Federal Rules of Evidence. Examiners Lazenby and Ercolani will testify that they reviewed several devices belonging to the Defendant and the Minor in this case. Examiners Lazenby and Ercolani will testify that they each used the Cellebrite forensic software to extract all the data from the phones and tablet in this case. The software also generates a report about the phones' contents. Examiners Lazenby and Ercolani examined the data extracted from the phones. They will further testify, at a high level, about various applications, videos, photographs, and messages that were located on the devices, which the Government will introduce as exhibits.[1]

The Government submits that this testimony is not expert testimony under Rule 702. Indeed, the Second Circuit, addressing the exact question faced here in an unpublished opinion, held that an agent's testimony about how he retrieved messages from a cellular phone using Cellebrite and about the contents of those messages did not qualify as expert testimony:

> Special Agent Tortorella explained his training in the use of Cellebrite technology to retrieve text messages and other data from a cellular phone; described how he used Cellebrite to do so in this case; and testified that he confirmed the results by checking the messages on the phone itself. He then testified to the contents of the messages retrieved from the phone. Tortorella did not purport to render an opinion

[1] Once these exhibits are admitted, other witnesses, including the case agent, will testify in more detail about them.

> based on the application of specialized knowledge to a particular set of facts; nor did his testimony turn on or require a technical understanding of the programming or internal mechanics of the technology. Accordingly, the district court did not abuse its considerable discretion in permitting Special Agent Tortorella to testify to these facts pursuant to Rule 602.

*United States v. Marsh*, 568 Fed. Appx. 15, 17 (2d Cir. May 30, 2014); *see United States v. McLeod*, No. 16-50013, 2018 WL 4089599, at *1 (9th Cir. Aug. 28, 2018) (finding that detective's testimony about using Cellebrite software to extract data from a phone was not expert testimony under Rule 702); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) ("The officers who followed the software prompts from Cellebrite and XRY to obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony."); *see also United States v. Berry*, 318 Fed. Appx. 569, 569 (9th Cir. Mar. 11, 2009) ("The district court did not abuse its discretion in treating the testimony of Agent Beamer as akin to a fact witness rather than an expert. Beamer simply testified to what he found on the hard drive of Berry's computer, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding.").

Accordingly, the Court here should also permit Examiners Lazenby and Ercolani to testify as fact witnesses and rule that their testimony is not subject to Rule 702. To the extent the Court determines that their testimony is expert testimony, the Government hereby provides notice under Rule 702, and has already provided Rule 16 disclosures to the Defendant.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

*<u>/s/ Katherine Boyles</u>*
ANGEL M. KRULL (Federal bar # phv11042)
KATHERINE BOYLES (Federal bar # phv20325)
ASSISTANT UNITED STATES ATTORNEYS

157 CHURCH STREET, FLOOR 25
NEW HAVEN, CT 06510
203-821-3700

CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, a copy of the foregoing was filed electronically with the court and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Katherine Boyles*
ANGEL M. KRULL
ASSISTANT UNITED STATES ATTORNEY