**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:25-CR-181 (SVN) |
| | ) | |
| v. | ) | |
| | ) | |
| ONAI KEDAR WILBERT WRIGHT, | ) | |
| *Defendant.* | ) | August 4, 2026 |

## JURY INSTRUCTIONS

INTRODUCTION ............................................................................................................. 1

PART I:  GENERAL INSTRUCTIONS ........................................................................... 2

    A.    Role of the Court........................................................................................... 2

    B.    Instructions to Be Considered as a Whole ................................................... 2

    C.    All Parties Entitled to Full and Fair Hearing ................................................ 3

    D.    Sidebar Conferences ..................................................................................... 4

    E.    Objections and Rulings ................................................................................. 4

    F.    Duties of the Jury ......................................................................................... 6

    G.    Three Basic Rules in Criminal Cases............................................................ 6

    H.    "Prove," "Find," and "Establish"................................................................. 8

    I.    Forms of Evidence ....................................................................................... 8

    J.    Use of Undercover Agents............................................................................ 9

    K.    Recordings and Typewritten Transcripts ..................................................... 9

    L.    What Is Not Evidence ................................................................................. 10

    M.    Direct and Circumstantial Evidence .......................................................... 11

    N.    "Inference" Defined ................................................................................... 12

    O.    Specific Investigative Techniques Not Required........................................ 12

    P.    Witnesses at Trial....................................................................................... 13

    Q.    Witness Credibility – Generally.................................................................. 13

    R.    Testimony of Law Enforcement Witnesses ................................................ 14

    S.    Expert Witnesses........................................................................................ 15

    T.    Admissions................................................................................................. 16

    U.    Uncontradicted Testimony.......................................................................... 16

    V.    Defendant's Decision Not to Testify .......................................................... 16

    W.    Persons Not on Trial ................................................................................... 17

    X.    Consider Only the Charges......................................................................... 17

PART II:  THE CHARGES ........................................................................................... 17

    A.    The Nature and Function of Charges........................................................... 17

    B.    "On or About" and "In or About"............................................................... 19

    C.    Venue ......................................................................................................... 19

    D.    Count One: Transportation of a Minor with Intent to Engage in Prostitution or Criminal Sexual Activity.................................................................................... 19

    E.    Count Two: Production of Child Pornography............................................. 24

    F.    Counts Three and Four: Receipt of Child Pornography ............................... 27

    G.    Count Five: Transportation of Child Pornography ....................................... 32

H.    Consent ................................................................................................................... 35

CLOSING ARGUMENTS ................................................................................................. 35

PART III:  FINAL INSTRUCTIONS.................................................................................. 35

    A.    Possible Punishment .................................................................................................. 35

    B.    Note Taking ................................................................................................................ 36

    C.    Unanimous Verdict .................................................................................................... 36

    D.    Additional Instructions............................................................................................... 37

**<u>INTRODUCTION</u>**

Members of the jury, you now have heard all of the evidence in the case.  I now will instruct you concerning the law that applies in this case.  After that, the parties will give you their final arguments, and after some additional instructions by me, you will return to the jury room to deliberate consistent with my instructions.

Before I give you these instructions, however, I want to thank you for the time and attention you have devoted to this trial.  Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully and pay close attention.  You have been provided with a copy of my instructions so that you can read along as we go.

My instructions will be delivered in three parts:

<u>First</u>, some instructions on general rules that define and control the role of the Court and the duty of the jury in a criminal case; <u>second</u>, instructions that define the elements of the offenses charged in this case (that is, the elements that the United States of America—the "Government"—must prove beyond a reasonable doubt in order to make its case); and <u>third</u>, after the parties' closing arguments, some rules and guidelines for your deliberations and some final instructions.

Before we begin, I ask you to review the document that each of you found at your seat when you entered a moment ago—namely, the Verdict Form.  When we conclude these instructions and you have to deliberate, you will leave the copies you are now reviewing on your chairs.  When deliberating, you will have your copies of the Jury Instructions and the original Verdict Form, along with the exhibits admitted in this case and any personal notes that you may

1

have taken.  For the moment, your brief review of the Verdict Form will help you to better understand my instructions and the tasks you will perform when you deliberate.

<b><u>PART I:  GENERAL INSTRUCTIONS</u></b>

### A.    Role of the Court

As the judge, I perform basically two functions during the trial.  First, I decide what evidence you may consider.  You have heard me doing that throughout the trial.  Second, I instruct you on the law that you are to apply to the facts in this case.  I gave you some preliminary instructions before trial began, but it is now—at the close of evidence—that the final instructions governing your deliberations are given, so please be patient and listen closely.  Everything I am going to tell you now is consistent with the preliminary instructions given at the start of the trial.  But, if you have any doubt, you should not rely on anything different I may have said in the preliminary instructions.  These instructions, the ones I am giving right now, must guide your deliberations in this case.

It is your duty to take the law as I will give it to you and to apply it to the facts as you determine them.  You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  Also, you must not substitute your own notions or opinions of what the law is or ought to be for what I tell you the law is in my instructions.

### B.    Instructions to Be Considered as a Whole

These are long instructions, and I may repeat certain parts.  That does not mean that those parts should be emphasized.  You should not single out any one part of my instructions and ignore the rest.  Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.

2

The order in which I give you instructions does not indicate their relative importance.  Do not read into these instructions, or into anything I have said or done, any suggestion from me about what verdict you should return—that is a matter for you alone to decide.

I also should point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

**C.      All Parties Entitled to Full and Fair Hearing**

Regardless of your ultimate decision about the case, all parties in this case are entitled to a full and fair hearing.  The parties are entitled to a trial free from prejudice or bias.  In reaching your decision, it would be improper for you to consider any personal feeling you may have about the race, religion, national origin, sex, or age of Mr. Wright, any witness, any lawyer, or anyone else associated with this case.  It would be equally improper for you to allow any feeling you might have about the nature of the crime charged to interfere with your decision-making process.  You must not be swayed by sympathy for, or prejudice against, any party.  If you let your sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right.  In deciding the facts or applying the law as I have given it to you, you must not be swayed by bias or prejudice for or against any party.

You are to perform the duty of finding the facts with an attitude of complete fairness and impartiality.  The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to the litigation.  By the same token, it is entitled to no less consideration.  Both of the parties, whether

the Government or Mr. Wright, stand equal before the law and are to be dealt with as equals in a court of justice.

You should be guided solely by a dispassionate consideration of the evidence presented during trial and the law that I give you, without regard to the consequences of your verdict. I know that you will do this and, in that way, reach a just and true verdict. You have been chosen to try the issues of fact and to reach an impartial verdict on the basis of the evidence or lack of evidence. Our justice system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence, regardless of the final outcome of the case.

### D.    Sidebar Conferences

There have been occasions in this case when the Court has conferred with the parties out of your hearing. In such situations you, the jury, should not feel slighted. You are not to speculate about what may have been discussed. Likewise, you should have no resentment towards any person who may have requested a sidebar conference. In the interests of justice and to expedite a trial, it is perfectly proper that conferences be held out of your hearing between the parties and the Court, because this avoids the inconvenience of having you file out and file back in again and prevents possible confusion caused by technical legal matters.

### E.    Objections and Rulings

Our courts operate under an adversary system in which we believe that the truth will emerge through the competing presentations of adverse parties. It is the role of the parties to press as hard as they can for their respective positions. In fulfilling that role, they have not only the right, but the obligation, to make objections to the introduction of evidence they feel is improper. You should not show any prejudice against a party because the party objected to the admission of evidence or the phrasing of a question, or asked the Court to rule on an objection or the propriety

of a question.  The application of the rules of evidence is not always clear, and lawyers (and even judges) often disagree about what is permissible and what is not.  It has been my job as the judge to resolve these disputes during the course of the trial.

It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other.  You are not to concern yourselves with why a party made an objection or why I ruled on it in the manner that I did.  You should draw no inference from the fact that a party objected to evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  My rulings on objections have nothing to do with the merits of the case or with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question.  If I have stricken an answer, you must disregard the part of the answer that was stricken, because it is not evidence.

A final word about the parties:  during the course of a trial, one cannot help but recognize the various personalities and styles of the parties.  However, it is important for you as jurors to recognize that this is not a contest of personalities.  Whatever you may think about the conduct of the parties, remember that you must decide this case solely on the basis of the evidence.  Remember, statements and characterizations of the evidence by the parties are not evidence.  Insofar as you find their closing arguments helpful, you may consider them, but it is your memory and your evaluation of the evidence and my instructions on the law that count in this case.

### F.     Duties of the Jury

It is your duty to find the facts from all the evidence in the case. You must apply the law as I give it to you to the facts as you find them. You must follow the law as I give it to you, whether you agree with it or not. And you must do your duty as jurors regardless of any personal likes or dislikes, opinions, prejudices, or sympathies. In other words, you must decide the case solely on the evidence before you, which you must consider dispassionately, free of emotion. You will recall that you took an oath promising to do so at the beginning of the case. In your role as jurors, you are not to be concerned with the wisdom or the policy of the laws that Mr. Wright is charged with violating. If, in fact, a violation has occurred, the law should be enforced. Your only responsibility is to determine whether the Government has proven beyond a reasonable doubt that Mr. Wright has violated the law as charged.

The verdict you reach must be unanimous—that is, agreed upon by each of you. You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

### G.     Three Basic Rules in Criminal Cases

There are three basic rules in criminal trials.

#### 1.     Presumption of Innocence

I instruct you that you must presume Mr. Wright to be innocent of the charged crimes. Thus, Mr. Wright, although accused of criminal conduct, begins the trial with a "clean slate," with no evidence against him. The fact that there are charges against him, as you already know, is not evidence of any kind.

The presumption of innocence was with Mr. Wright when the trial began, and it remains with him even as I speak to you now. I also instruct you that he shall be presumed by you to be

6

innocent throughout your deliberations until such time, if ever, you as a jury are satisfied—after careful and impartial consideration of all the evidence in the case—that the Government has proven Mr. Wright to be guilty of any of the charged crimes beyond a reasonable doubt.  If you are not satisfied that the Government has proven Mr. Wright to be guilty beyond a reasonable doubt, the presumption of innocence alone is sufficient to acquit Mr. Wright.

## 2. **Burden of Proof**

As a result of Mr. Wright's plea of not guilty, the burden is on the Government to prove Mr. Wright's guilt beyond a reasonable doubt.  This burden never shifts to Mr. Wright, for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  Mr. Wright is not even obligated to produce any evidence by cross-examining the witnesses for the Government.

## 3. **Proof Beyond a Reasonable Doubt**

I have said that the Government must prove Mr. Wright guilty beyond a reasonable doubt. The question naturally is:  What is a reasonable doubt?

The words almost define themselves.  It is a doubt based upon reason.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  Proof beyond a reasonable doubt must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in a matter of importance in their own affairs.  Reasonable doubt is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in their personal life. It is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

The absence of evidence is a valid basis for reasonable doubt.  The mosaic of evidence that composes the record before you includes both the evidence and the lack of evidence on material

matters.  An absence of evidence may provide the reasonable doubt upon which a jury decides to find a defendant not guilty.  If, after fair and impartial consideration of all the evidence (or lack of evidence) against Mr. Wright as to a particular charge, you have a reasonable doubt, it is your duty to find him not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence against Mr. Wright as to a charge, you are satisfied of his guilt beyond a reasonable doubt, you should vote to find him guilty of that charge.

Although the Government must prove guilt beyond a reasonable doubt, the Government is not required to prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

### H. **"Prove," "Find," and "Establish"**

Throughout the remainder of my instructions, I will use the word "prove" when talking about what the Government must do in order to establish the guilt of Mr. Wright.  My use of the word "prove" means "prove beyond a reasonable doubt," even if I do not always repeat those words.  Similarly, when I speak of your "finding" various facts, you must find those facts to have been proven by the Government beyond a reasonable doubt, even if I simply use the word "find." Likewise, if I say that the Government must "establish" a fact, you must find that fact has been established by the Government beyond a reasonable doubt.

### I. **Forms of Evidence**

The evidence, from which you are to decide what the facts are, comes in three forms:  First, there is the sworn testimony of witnesses.  Second, there are the exhibits that have been received into the trial record.  The exhibits that have been admitted into evidence will be with you in the jury room.  If an exhibit has been admitted into evidence, it is evidence that can be considered by you, regardless of whether any witness referred to the exhibit or testified about it during the trial.

8

Third, when the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.

### J.      Use of Undercover Agents

You have heard testimony from an undercover agent(s) who was employed by the Government.

Sometimes the Government uses undercover agents who may conceal their true identities in order to investigate suspected violations of the law.  There is nothing improper or illegal with the Government using these techniques, so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case. Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover agents.

Whether or not you approve of the use of an undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

### K.      Recordings and Typewritten Transcripts

Recordings of conversations and videos have been received in evidence, and some of those videos have been played for you.  Typewritten transcripts of the audio associated with the videos have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.  You will not have access to the transcripts during your deliberations, but you will be provided a set of headphones to listen to the recordings.

The recordings themselves, however, are evidence in the case and the typewritten transcripts are not evidence.  What you hear on the recordings is evidence.  What you read on the transcripts is not.  If you perceive any variation between the two, you must be guided solely by the recordings, and not by the transcripts.

If you cannot, for example, determine from the recording that particular words were spoken or if you cannot determine from the recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

### L.    <u>What Is Not Evidence</u>

Certain things are not evidence and are to be disregarded in deciding what the facts are.

Arguments or statements by lawyers are not evidence.

The questions to the witnesses are not evidence.  They may be considered only to give meaning to the witnesses' answers.  In short, questions are not evidence; answers are.

Objections to questions and arguments are not evidence.  As I mentioned, the parties have a duty to object when they believe a question is improper under the rules of evidence.  You should not draw any inferences based on the objection or my ruling on it.  If the objection was "sustained," ignore the question; if it was "overruled," treat the answer like any other answer.

Exhibits that may have been marked for identification but not admitted as evidence may not be considered as evidence.  In addition, materials brought forth only to refresh a witness's recollection are not evidence unless I have specifically admitted them into evidence.

Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded.  In addition, some testimony and exhibits have been received only for a limited purpose.  Of course, where I have given any limiting instruction about evidence that you heard or saw, you must follow it.

Anything you may have seen or heard outside of this courtroom is not evidence.  I remind you that you must completely disregard any media reports on this matter or any seemingly related matter.  Indeed, it would be unfair to consider anything other than what has been presented in this courtroom, since it is not evidence and the parties have not had an opportunity to challenge its

10

accuracy or otherwise explain it.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by anything done or said outside of this courtroom.

**M.     Direct and Circumstantial Evidence**

I have already told you about the forms in which evidence comes:  testimony and exhibits. There are also two kinds of evidence:  direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of a chain of circumstances from which you could infer or conclude that a fact exists, even though it has not been proved directly.  You are entitled to consider both kinds of evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact.  For example, if you see water on the street outside your window, you can infer that it has rained.  In other words, the fact of rain is an inference that could be drawn from circumstantial evidence, the presence of water on the street.  You also may recall the example of the umbrella we discussed at the beginning of the trial, where someone walks into the courtroom with a dripping umbrella—there, the circumstantial evidence was the wet umbrella, and the appropriate inference was that it had rained.  Please note, however, that it is not a matter of speculation or guess:  it is a matter of logical inference.  Direct evidence of rain, on the other hand, would be an actual observation of raindrops coming down from the sky.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between the weight to be given to direct or circumstantial evidence, but it simply requires that the jury cannot convict a defendant unless it is satisfied of his guilt beyond a reasonable doubt based on all of the evidence presented.

### N.      "Inference" Defined

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that you know exists.  There are times when different inferences can be drawn from facts, whether proven by direct or circumstantial evidence. The Government asks you to draw one set of inferences, while Mr. Wright asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.  So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.  Each juror must be guided by their own sense of whether an inference is justified or reasonable under all of the circumstances presented.  Each juror should carefully weigh what inferences, if any, to draw from the evidence that has been presented.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of Mr. Wright's guilt beyond a reasonable doubt before you may convict him.

### O.      Specific Investigative Techniques Not Required

During the trial, you may have heard references by Mr. Wright's counsel to the fact that the Government did not use certain investigative techniques or pursue every piece of information. You may consider this fact in determining whether the Government has met its burden of proof.

12

You are also instructed, however, that there is no legal requirement that the Government use any specific investigative techniques to prove its case.

**P.      Witnesses at Trial**

There are a number of people whose names you've heard during the course of the trial who did not testify at trial.  The law does not require calling as witnesses all persons who may have been involved in the case, or who may appear to have some knowledge of the issues in this case.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

I instruct you that both sides had an equal opportunity or lack of opportunity to call those people as witnesses.  Therefore, you should not draw any inference or reach any conclusions as to what they would have said had they been called.  Your verdict must be based only on the evidence presented and the witnesses who testified.

At the same time, remember my instructions that, in a criminal case, the defendant is not required to call any witnesses or produce any evidence, and the Government, at all times, bears the burden of proving the guilt of the defendant beyond a reasonable doubt.

**Q.      Witness Credibility – Generally**

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how credible each witness was in their testimony.  You are the sole judges of the credibility of each witness and of the importance of their testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and importance of each witness's testimony.  How do you determine truthfulness?  You should use all the tests for truthfulness that you would use in

13

determining matters of credibility in your everyday lives.  You base it on what you have seen and heard.  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness seem to you?  Was the witness candid, frank, and forthright?  Or did the witness seem as if they were hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in their testimony, or were they contradictory?  Did the witness appear to know what they were talking about, and did the witness strike you as someone who was trying to report their knowledge accurately?  Often it is not what a person says but how they say it that convinces us.

You should also consider the witness's opportunity to see, hear, and know the things about which they testified, the witness's intelligence, and the accuracy of the witness's memory, the witness's candor or lack of candor, the reasonableness and probability of the witness's testimony, and its corroboration or lack of corroboration with the other evidence in this case.

You may also consider whether the witness has any interest in the outcome of this case or any bias, hostility, or prejudice concerning any party or any matter involved in the case.

It is for you to decide to what extent, if at all, the witness's interest has affected or colored their testimony.

R.    **Testimony of Law Enforcement Witnesses**

Some of the testimony that you have heard has been the testimony of law enforcement officials.  The fact that a witness may be employed by the federal, state, or local Government as a law enforcement officer does not mean that their testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for Mr. Wright to try to attack the credibility of a law enforcement witness on the grounds that this testimony may be affected by a personal or professional bias or interest in the outcome of the case.  A law enforcement witness who takes the witness stand subjects their testimony to the same examination as any other witness.  You should therefore weigh and balance this testimony as you would the testimony of any other witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

S.    **Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which they claim to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  In evaluating the weight of an expert opinion, you may consider the level of education and experience of the expert witness and the reasons given for the opinion.  After evaluation of those factors, you may decide the weight to give to the opinion, or disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

T.      **Admissions**

There has been evidence that Mr. Wright made certain statements in which the Government claims he admitted certain facts charged in the indictment.  In deciding what weight to give Mr. Wright's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

U.      **Uncontradicted Testimony**

The fact that one party called more witnesses or introduced more evidence than the other does not mean that you should find the facts in favor of the side offering the most witnesses.  You also are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of their testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of an offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon reason, common sense, and experience.

V.      **Defendant's Decision Not to Testify**

Mr. Wright did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence in his defense, because it is the Government's burden to prove his guilt beyond a reasonable doubt.  That burden remains with the Government

16

throughout the entire trial and never shifts to Mr. Wright.  A defendant is never required to prove that he is innocent.

You may attach no significance to the fact that Mr. Wright did not testify.  You are not to speculate as to why he did not testify or about what he might have said if he had elected to testify. No adverse inference may be drawn by you because he did not take the witness stand.  You may not consider this against Mr. Wright in any way in your deliberations in the jury room.  You are to confine your deliberations exclusively to the question of whether or not—on the evidence actually before you—the Government has established his guilt beyond a reasonable doubt.

### W.      Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or Mr. Wright, from the fact that certain persons are not on trial before you or not charged in this case.  Do not speculate as to why others are not on trial.  That these persons are not on trial must play no part in your deliberations or your verdict.

### X.      Consider Only the Charges

Mr. Wright is not charged with committing any crime other than the offenses contained in the indictment.  You have heard evidence of other acts allegedly committed by Mr. Wright.  I want to emphasize to you now that you are only to return a verdict as to the charges contained in the indictment, which I will now describe in detail.

### PART II:  THE CHARGES

### A.      The Nature and Function of Charges

Mr. Wright faces criminal charges for one count of transportation of a minor with intent to engage in criminal sexual activity, one count of production of child pornography, two counts of receipt of child pornography, and one count of transportation of child pornography.

17

Each charge is called a "count."  I will refer to each count by the number assigned to it in the charging instrument, called the Indictment in this case, but you will not be given the Indictment itself because an indictment is merely a statement of charges and not itself evidence.  The indictment gives a defendant notice of the charges against him and informs the Court and the public of the nature of the accusation.  It can in no sense be considered by you as evidence of Mr. Wright's guilt.  That Mr. Wright has been accused and is on trial is not evidence of guilt, and you are not permitted to infer or speculate from this that Mr. Wright is more likely to be guilty than innocent.

Each of the charges must be considered by you separately and independently.  You must consider each count separately and return a separate verdict of not guilty or guilty for each count.  Whether you find Mr. Wright not guilty or guilty of one count should not dictate your verdict regarding any other count.  Relatedly, the number of charges is not evidence of guilt and should not influence your decision in any way.  Although there may be evidence that is relevant to more than one charge, each of these charges has different and specific factual elements.  In other words, you must not find Mr. Wright guilty of one count simply because you may have found him guilty of another count. That is because each charge has separate and independent elements that the prosecution is required to prove beyond a reasonable doubt.  Finally, you must not base your verdict on any perception that you may have that Mr. Wright is of bad character or has a propensity to commit crimes.

In a moment, I will explain to you the elements of the offenses with which Mr. Wright is charged.  Before that, however, I remind you that the fact that Mr. Wright has been charged is not, and may not be considered to be, evidence supporting any of the elements of these offenses.

B.    **"On or About" and "In or About"**

In the Indictment, each count alleges that Mr. Wright's conduct occurred "on or about" or "in or about" a specific date or a range of dates.

Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed reasonably near the date or date range alleged in each count, it is not necessary for the Government to prove that the offense was committed precisely on the date or the date range charged.

C.    **Venue**

For each offense charged, in addition to the elements of the offense, which are described below, you must consider whether any act in furtherance of the crime occurred within the District of Connecticut. You are instructed that the District encompasses the entire State of Connecticut.

In this regard, the Government need not prove that the crime itself was committed in this district or that Mr. Wright, himself, was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.  If you find that the Government has failed to prove that any act in furtherance of the crime occurred within this District—or if you have a reasonable doubt on this issue—then you must acquit.

D.    **Count One: Transportation of a Minor with Intent to Engage in Prostitution or Criminal Sexual Activity**

   1.    **Statute Defining the Offense**

In Count One, Mr. Wright is charged with transporting a minor for the purpose of prostitution or engaging in illegal sexual activity, in violation of Title 18, United States Code, Section 2423.  Section 2423(a) provides, in relevant part, that a person who:

> knowingly transports an individual who has not attained the age of
> 18 years in interstate or foreign commerce, or in any

19

commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be [guilty of a crime].

## 2. Elements of the Offense

To prove Mr. Wright guilty of transporting a minor for the purpose of prostitution or to engage in illegal sexual activity, the Government must prove each of the following elements beyond a reasonable doubt:

First, that from on or about March 1, 2025, to on or about March 14, 2025, Mr. Wright knowingly transported a minor in interstate or foreign commerce;

Second, that Mr. Wright transported the individual with the intent that she would engage in prostitution or illegal sexual activity, under Connecticut General Statutes §§ 53a-71 or 53-21(a)(2); and

Third, that the individual was less than eighteen years old at the relevant time.

I will now define these elements in more detail.

### a. First Element: Transport in Interstate Commerce

The first element that the Government must prove beyond a reasonable doubt is that Mr. Wright knowingly transported an individual in interstate or foreign commerce.

"Interstate or foreign commerce" means simply movement between one state and another or between the United States and a foreign country.

The Government does not have to prove that Mr. Wright personally transported the individual across a state line. It is sufficient to satisfy this element that Mr. Wright was actively engaged in the making of the travel arrangements, such as by purchasing the tickets necessary for the individual to travel as planned.

20

Mr. Wright must have knowingly transported the individual in interstate commerce. This means that the Government must prove that Mr. Wright knew both that he was transporting the individual, and that he was transporting the individual in interstate commerce. To act knowingly means to act voluntarily and intentionally and not because of accident, mistake or other innocent reason.

### b. **Second Element: Intent to Engage in Prostitution or Illegal Sexual Activity**

The second element that the Government must prove beyond a reasonable doubt is that Mr. Wright transported the individual with the intent that she would engage in prostitution or illegal sexual activity, under Connecticut General Statutes §§ 53a-71 or 53-21(a)(2).

What you must decide, along with the other elements of the federal offense charged, is whether Mr. Wright transported the individual in interstate commerce with the intent that she engage in prostitution, or that she engage in conduct which would violate one of the Connecticut state laws below. You need not find that Mr. Wright intended to commit both of the violations below; it is only necessary for the Government to prove either that Mr. Wright intended that the individual would engage in prostitution or that he intended that she would engage in sexual activity that would constitute a violation of either of the statutes below. The Government need not prove that Mr. Wright knew the law. Additionally, it is not necessary for the Government to prove that the individual who was allegedly transported actually engaged in prostitution or in illegal sexual activity in violation of Connecticut law. What you must decide is whether Mr. Wright transported the individual in interstate commerce with the intent to engage in such sexual activity.

21

### i.    Prostitution

As used in this instruction, the term "prostitution" means engaging in or agreeing to engage or offering to engage in any sexual act with or for another person in exchange for money or other consideration.

### ii.    Illegal Sexual Activity

For the purposes of this case, "illegal sexual activity" is defined by reference to Connecticut state law.  I will now define the two relevant offenses under Connecticut law.

Sexual Assault in the Second Degree, Connecticut General Statutes § 53a-71

According to Connecticut General Statutes § 53a-71(a), a person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is thirteen years of age or older but under sixteen years of age and the actor is more than three years older than such other person.

For purposes of proving that Mr. Wright had an intent to transport the individual for the purpose of committing illegal sexual activity in the form of sexual assault in the second degree, the Government must prove that Mr. Wright knew the individual was thirteen years of age or older but under sixteen years of age, and that Mr. Wright is more than three years older than the individual.

Risk of Injury to a Child, Connecticut General Statutes § 53-21(a)(2)

Connecticut General Statutes § 53-21(a)(2) prohibits any person from having contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child. According to Connecticut

General Statutes § 53a-65(8), "intimate parts" means the genital area or any substance emitted therefrom, groin, anus or any substance emitted therefrom, inner thighs, buttocks or breasts.

For purposes of proving that Mr. Wright had an intent to transport the individual for the purpose of committing illegal sexual activity in the form of a violation of the risk of injury to a child statute, the Government must prove that Mr. Wright knew the individual was under sixteen years of age.

### iii.    Intent

Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent.  Such direct proof is not required.  The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon Mr. Wright's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

In order to establish this element, it is not necessary for the Government to prove that engaging in prostitution or illegal sexual activity was the sole purpose for crossing the state line. A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey.  The Government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the travel across a state line was that the individual would engage in prostitution or illegal sexual activity.  In other words, the prostitution or illegal sexual activity must not have been merely incidental to the trip.

### c.  **Third Element:  Age of Individual**

The third element that the Government must prove beyond a reasonable doubt is that the individual was less than eighteen years old at the time of the acts alleged in the indictment.

**E.** **Count Two: Production of Child Pornography**

**1. Statute Defining the Offense**

In Count Two, Mr. Wright is charged with producing child pornography, in violation of Title 18, United States Code, Section 2251(a).  That section provides, in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in … any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be [guilty of a crime] if . . . that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted in or affecting interstate or foreign commerce or mailed.

**2. Elements of the Offense**

In order to prove Mr. Wright guilty of producing child pornography, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about March 14, 2025, the person at issue was under the age of eighteen;

Second, that on or about March 14, 2025, Mr. Wright used or employed or persuaded or induced or enticed or coerced the minor to take part in sexually explicit conduct for the purpose of transmitting a visual depiction of that conduct; and

Third, that the visual depiction was mailed or actually transported or transmitted in or affecting interstate or foreign commerce, or that the visual depiction was produced using materials that had been mailed or transported in or affecting interstate or foreign commerce or mailed.

I will now define these elements in more detail.

**a. First Element:  Age of Individual**

The first element that the Government must prove beyond a reasonable doubt is that the person at issue was under the age of eighteen at the relevant time.

24

For Count Two, the Government does not have to prove that Mr. Wright knew that the person was under the age of eighteen years at the relevant time.

### b. Second Element:  Use of Minor in Visual Depiction of Sexually Explicit Conduct

The second element that the Government must prove beyond a reasonable doubt is that Mr. Wright used or employed or persuaded or induced or enticed or coerced the minor to take part in sexually explicit conduct for the purpose of transmitting a visual depiction of that conduct.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

In deciding whether the Government has proven that Mr. Wright acted for the purpose of transmitting a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning Mr. Wright's conduct.  While the Government must prove that Mr. Wright acted with the purpose of transmitting a visual depiction of the child engaging in sexually explicit conduct, it is not required that the Government prove that the visual depiction of that conduct was actually transmitted.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the Government has proved that a particular visual depiction constitutes a

25

lascivious exhibition, you should consider the following questions:

- Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

- Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

- Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child.

- Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious; and

- Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance that you give to any one factor is up to you to decide. In your consideration of the five factors outlined above, you may also consider whether the visual depiction was intended or designed to elicit a sexual response in the viewer.

### c.  **Third Element:  Interstate Commerce**

The third element that the Government must prove beyond a reasonable doubt is that the visual depiction was mailed or actually transmitted in or affecting interstate or foreign commerce, or was produced using materials that had been transported or transmitted in or affecting interstate or foreign commerce or mailed.

This means that the Government must prove either (1) that the visual depiction crossed between one state and another or between the United States and a foreign country, or (2) that the materials used to produce the visual depiction had previously moved from one state to another or

26

between the United States and another country.  Transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce.  However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

Here, the Government also alleges that the devices used to transmit the visual depictions in question were manufactured outside of the state of Connecticut.  I instruct you that if you find that the devices were manufactured outside of Connecticut, that is sufficient to satisfy this element. The Government does not have to prove that Mr. Wright personally transported the devices across a state line, or that Mr. Wright knew that the devices had previously crossed a state line.

F.    **Counts Three and Four: Receipt of Child Pornography**

1.  **Statute Defining the Offenses**

Counts Three and Four of the Indictment charge Mr. Wright with receiving child pornography, in violation of Title 18, United States Code, Section 2252A.  The conduct described in Counts Three and Four is alleged to violate the same law, so I will only describe that law one time.  But Counts Three and Four are two separate charges, and you should consider whether the Government has met its burden of proof in Count Three separately from whether the Government has met its burden of proof in Count Four.

Title 18, United States Code, Section 2252A provides, in relevant part:

> [Any person who] knowingly receives . . . (A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer [shall be guilty of a crime].

27

### 2. **Elements of the Charges**

#### a. **Elements of Count Three**

In order to prove Mr. Wright guilty of receiving child pornography as alleged in Count Three, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about February 23, 2025, Mr. Wright knowingly received a visual depiction, as I will explain that term to you;

Second, that the visual depiction was transported in or affecting interstate or foreign commerce by any means, including by computer;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that Mr. Wright knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

#### b. **Elements of Count Four**

In order to prove Mr. Wright guilty of receiving child pornography as alleged in Count Four of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about January 28, 2025, Mr. Wright knowingly received a visual depiction, as I will explain that term to you,

Second, that the visual depiction was transported in or affecting interstate or foreign commerce by any means, including by computer;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that Mr. Wright knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

Now I will describe the elements of receipt of child pornography in more detail.

28

### 3. Elements of the Offenses

#### a. First Element: Receipt of a Visual Depiction

The first element of Counts Three and Four that the Government must prove beyond a reasonable doubt is that Mr. Wright knowingly received a visual depiction.

As I have previously described, a "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

To receive a visual depiction means to take possession of it. This includes the knowing acceptance of a depiction previously requested.

The Government must prove that Mr. Wright received the depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

[1]In determining whether Mr. Wright acted knowingly, you may consider whether he deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that Mr. Wright acted with a conscious purpose to avoid learning the truth about Sophie Smith's true age or that Mr. Wright's ignorance was solely and entirely the result of a conscious purpose to avoid learning the truth about Sophie Smith's true age, then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that Mr. Wright was merely negligent, foolish or mistaken.

---

[1] During the jury charge on August 4, 2026, the Court recognized that, beginning with this sentence and continuing to the end of the instruction on the first element, the "conscious avoidance" instruction was mistakenly placed under the first element of Counts Three and Four, rather than the fourth element of those counts. After consultation with the parties, the Court informed the jury that this instruction properly belongs in the fourth element of Counts Three and Four, and asked the jury to make this handwritten notation on their copies of the instructions. The Court also informed the jury that this instruction appears correctly in the fourth element of Count Five, so they may use the instructions on Count Five as a reference for where the instruction correctly belongs in the fourth element of Counts Three and Four.

29

If you find that Mr. Wright was aware of a high probability that Sophie Smith was under 18 years old at the relevant times and that Mr. Wright acted with deliberate disregard of the facts, you may find that he acted knowingly. However, if you find that Mr. Wright actually believed that Sophie Smith was 18 or older at the relevant times, he may not be convicted of Counts Three and Four.

It is entirely up to you whether you find that Mr. Wright deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

### b.    Second Element:  Effect on Interstate Commerce

The second element of Counts Three and Four that the Government must prove beyond a reasonable doubt is that the child pornography was actually transported in or affecting interstate or foreign commerce.

This means that the Government must prove that the child pornography crossed between one state and another or between the United States and a foreign country.  Transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

### c.    Third Element: Visual Depiction was Child Pornography

The third element of Counts Three and Four that the Government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

"Child pornography" means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, and that portrays that minor engaged in that conduct.

30

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct.  The Government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

I previously explained to you what the term "sexually explicit conduct" means in describing Count Two.  The term has the same meaning with respect to Counts Three and Four.

### d.  Fourth Element: Defendant Acted Knowingly

The fourth element of Counts Three and Four that the Government must prove beyond a reasonable doubt is that Mr. Wright knew that the material he received was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of an actual minor engaged in that sexually explicit conduct.

The Government must show that Mr. Wright had knowledge of the general nature of the contents of the material.  Mr. Wright need not have specific knowledge as to the identity or actual age of the underage performer.   But Mr. Wright must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of Mr. Wright's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, Mr. Wright's belief as to the legality or illegality of the material is irrelevant.

31

G.    **Count Five: Transportation of Child Pornography**

1.    **Indictment and Statute Defining the Offense**

Finally, Count Five charges Mr. Wright with transportation of child pornography, in violation of Title 18, United States Code, Section 2252A.  That section provides, in relevant part:

> Any person who knowingly . . . transports . . . using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography [shall be guilty of a crime].

2.    **Elements of the Offense**

In order to prove Mr. Wright guilty of transporting child pornography as alleged in Count Five, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about January 28, 2025, Mr. Wright knowingly transported a visual depiction;

Second, that the visual depiction was transported in or affecting interstate or foreign commerce by any means, including by computer;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that Mr. Wright knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

I will now define these elements in more detail.

a.    **First Element: Transportation of a Visual Depiction**

The first element of Count Five that the Government must prove beyond a reasonable doubt is that Mr. Wright knowingly transported a visual depiction in interstate or foreign commerce.

As I have previously described, a "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

32

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason. It is not necessary for the Government to show that Mr. Wright personally transported or shipped the depiction.  It is sufficient if the Government proves that Mr. Wright knowingly caused the interstate shipment to take place.

### b.  Second Element: Effect on Interstate Commerce

The second element of Count Five that the Government must prove beyond a reasonable doubt is that the child pornography was shipped or transported in or affecting interstate or foreign commerce.

This means that the Government must prove that the child pornography crossed between one state and another or between the United States and a foreign country. Transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

### c.  Third Element: Visual Depiction was Child Pornography

The third element of Count Five that the Government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

As I have previously described, "child pornography" means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, and that portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct.  The Government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all of the evidence, including your viewing of the depiction,

33

in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

I previously explained to you what the term "sexually explicit conduct" means in describing Count Two.  The term has the same meaning with respect to Count Five.

### d.   Fourth Element: Defendant Acted Knowingly

The fourth element of Count Five that the Government must prove beyond a reasonable doubt is that Mr. Wright knew that the material he transported was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

In determining whether Mr. Wright acted knowingly, you may consider whether he deliberately closed his eyes to what would otherwise have been obvious to him.  If you find beyond a reasonable doubt that Mr. Wright acted with a conscious purpose to avoid learning the truth about Sophie Smith's true age or that Mr. Wright's ignorance was solely and entirely the result of a conscious purpose to avoid learning the truth about Sophie Smith's true age, then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that Mr. Wright was merely negligent, foolish or mistaken.

If you find that Mr. Wright was aware of a high probability that Sophie Smith was under 18 years old at the relevant times and that Mr. Wright acted with deliberate disregard of the facts, you may find that he acted knowingly.  However, if you find that Mr. Wright actually believed that Sophie Smith was 18 or older at the relevant times, he may not be convicted of Count Five.

34

It is entirely up to you whether you find that Mr. Wright deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

The Government must show that Mr. Wright had knowledge of the general nature of the contents of the material.  Mr. Wright need not have specific knowledge as to the identity or actual age of the underage performer, provided that he knew the person was under the age of eighteen. Mr. Wright must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness testimony of Mr. Wright's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, Mr. Wright's belief as to the legality or illegality of the material is irrelevant.

### H.    Consent

Consent of the Minor is not a defense to any of the charges in the Indictment.

### CLOSING ARGUMENTS

At this point, we will interrupt the instructions to hear the closing arguments of the parties. After they are finished, I will conclude the instructions before you begin your deliberations. Remember, what the parties say in their closing arguments is not evidence—it is merely argument about what the evidence shows.  In addition, any demonstrative such as a PowerPoint presentation used in connection with closing argument is not evidence itself.

### PART III:  FINAL INSTRUCTIONS

### A. Possible Punishment

The question of the possible punishment of Mr. Wright is of no concern to you and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests

35

exclusively with the Court.  Your function is to weigh the evidence or lack of evidence in the case and to determine whether or not Mr. Wright is guilty beyond a reasonable doubt of each of the charges, solely upon the basis of such evidence or lack of evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Wright, if convicted, to influence your verdict in any way or to enter into your deliberations in any sense.

### B.     Note Taking

You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence.  If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors.  The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than those of any other juror.  Your notes are not evidence and should not be shared.

### C.     Unanimous Verdict

I remind you that the Government, in order to prevail, must prove all of the essential elements beyond a reasonable doubt, as I have already explained in these instructions.  If the Government has proven all of the elements of a charge, your verdict should be "guilty" as to that charge; if the Government fails to meet this burden of proof, your verdict should be "not guilty" as to that charge.

In order to return a verdict against Mr. Wright, it is necessary that each juror agree with it.  Your verdict, in other words, must be unanimous and represent the considered judgment of each juror.  Your function is to weigh the evidence in the case and determine whether or not Mr. Wright is guilty, solely upon the evidence.  Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors.  It is your duty as

36

jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. That is the very purpose of jury deliberations—to discuss and consider the evidence; to listen to the views of other jurors; to present your individual views; to consult with one another and to reach an agreement based solely and wholly on the evidence, if you can do so without violence to your own individual judgment. Until a verdict is agreed to by each juror, the verdict is not unanimous. In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. You should not surrender your honest convictions, however, about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to change your views simply because you are outnumbered or merely to bring an end to the deliberations. Your final vote must reflect your conscientious conviction as to how the issues should be decided. Remember at all times that you are not a partisan; rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

### D.    Additional Instructions

When you return to the jury room, you should first elect one person to act as your foreperson. The foreperson does not have any more power or authority than any other juror, and their opinion does not count for any more than any other juror's vote or opinion. The foreperson merely presides over your deliberations and is your spokesperson to the Court. They will send out any notes, and when the jury has reached a verdict, they will notify the Court Security Officer that the jury has reached a verdict and you will come out into open court and give the verdict.

After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the Court Security Officer, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. You must not research or communicate with each other or with anyone about the case through the Internet, e-mail, your phone, text messaging, through any blog or website, through any internet chat room, or by way of any social networking websites, including Facebook, Instagram, X (formerly known as Twitter), TikTok, Google Plus, LinkedIn, and YouTube. Further, if at any time a juror is in the restroom facilities or on a cell phone, the other jurors must cease deliberations and not recommence deliberations until all jurors are present and the cell phone has been turned off.

It is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so. Each of you must decide the case for yourself but should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

Remember that your verdict must be unanimous as to each charge on the Verdict Form.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, and not on anything else. Closing arguments or other statements or arguments of the parties are not evidence. If your recollection differs from the way the parties have stated the facts, then your recollection controls.

The Verdict Form has been prepared for your convenience. Focusing on the Verdict Form will assist you in your deliberations. You must complete and return the Verdict Form in court when you have reached a unanimous agreement as to your verdict. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous.

38

When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers and date and sign the Verdict Form. If the foreperson makes any error in completing the Verdict Form, please do not strike out the error and add a correct response. Instead, please request a new Verdict Form, so that the Verdict Form that is submitted is error-free. Then inform the Court Security Officer or Courtroom Deputy that you have reached a verdict. The Verdict Form must be used only in connection with the charge I have just given to you. The terms used in the Verdict Form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the Verdict Form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for a check mark or an "X." Answer each question as it appears and only those questions. Please read all instructions and follow them carefully.

When you go into the jury room to begin your deliberations, you will have all the exhibits with you, but you will not have a transcript of the testimony. If you need to have testimony read back to you, that can be done and will occur in open court. I encourage you to limit the recitation of testimony. It is not easy to locate specific portions of testimony, and reading the testimony is a time-consuming process, so if you require a read-back, please be as specific as possible about the portions of the testimony you want to hear.

Your requests for a read-back of testimony and any communication with the Court must be made to me in writing, signed by your foreperson, and given to the Court Security Officer or Courtroom Deputy. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally. Please be patient, as it may take us some time to locate the portion of testimony that you would like read back.

39

I also must caution you that in your communications with the Court you should never reveal the numerical division of your votes at any time. In other words, you should not indicate how many jurors are in favor of returning a verdict in favor of one party or the other in any note or communication to the Court.

It is proper to add a final caution. Nothing that I have said in these instructions and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility. Take as long as you think necessary to fairly and impartially reach your verdict. Do not hurry your deliberations—render your verdict fairly, uprightly, and without a scintilla of prejudice.

It is critically important that you do not feel rushed during your deliberations. We have heard several days of testimony through numerous witnesses, and the parties have submitted numerous exhibits. You must perform your duty as jurors carefully and conscientiously.

Again, as I mentioned, you must not be rushed or time-pressured in any manner during your deliberations. There is no time requirement or time limitation on your deliberations. You should deliberate for however long you believe is necessary to conscientiously perform your duty as jurors.

In that vein, once the case is submitted to you for deliberations, you control your schedule as to when and for how long you will deliberate. You should consult with each other to determine a schedule that works for all jurors and take all the time that you need for deliberation. In addition, you may choose to deliberate for partial or full days, as long as it is within the time period that the Court is open, which is 7:30 a.m. to 6:00 p.m.

You have been conscientious and attentive jurors thus far, and I know you will continue to be conscientious and attentive until your service concludes. I am very mindful that each of you

40

has given up significant time to sit on this jury to date, and all of the parties are grateful for the personal sacrifices you have made in service to this trial.

Members of the jury, that concludes my instructions to you.  Thank you for your patience and attention.

*       *       *

At this time, it is my responsibility to excuse the three alternate jurors who have sat dutifully through the trial.  The rules of the Court require that the deliberations in criminal cases are only among twelve jurors.  We select alternate jurors in case any of the twelve regular jurors is unable to continue as a juror.  For now, the alternate jurors will be separately sequestered. Alternate jurors 13, 14, and 15 may now go to the jury room to retrieve their belongings and then will be directed to their assigned space for the duration of the deliberations.

*       *       *

Members of the jury, the Courtroom Deputy will now escort you to the jury room where you will begin your deliberations.  Thank you, once again.